

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
AUSTIN 11

GROVER SELLERS
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin 11, Texas

Dear Sir:

Opinion No. 0-6974

Re: Authority of the Comptroller
to issue warrants to pay var-
ious claims under the Appro-
priation Act for the State
Board of Hairdressers and
Cosmetologists, Acts 1945,
R. S., 49th Legislature,
page 860.

Your request for an opinion from this department on the above subject matter has been received and carefully considered. Your request is as follows:

"I am enclosing a list covering the return of money now in the State Treasury. The purpose for which this money is to be returned is set out opposite each request.

"The request is drawn against the following appropriation, found on page 860 of the Acts of the Regular Session of the Forty-ninth Legislature:

"'Provided, however, that any funds authorized under Chapter 116, Acts of the Regular Session of the 44th Legislature, and any Amendments thereto, and any money paid into the State Treasury by the Board of Hairdressers and Cosmetologists either by mistake of fact or mistake of law, shall be refunded by warrant issued against such fund in the State Treasury, and so much of said fund as is necessary is hereby appropriated for such purpose.'

"Please advise as to whether or not there is sufficient pre-existing law under Chapter 116, Acts of the 44th Legislature and any Amendments, to permit me to issue my warrants to pay the various listed claims."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Accompanying your request was a list of some 238 claims for refund of money paid to the State Board of Hairdressers and Cosmetologists.

We have carefully examined Chapter 116, Acts of the Regular Session of the 49th Legislature and all amendments thereto; and we fail to find any provision in said acts which would constitute sufficient pre-existing law to authorize a refund of monies paid to the State Board of Hairdressers and Cosmetologists.

However, our Opinion No. 0-6282, a copy of which we enclose, held that "a recovery of taxes wrongfully paid is to be allowed in the following types of cases: (1) fraud; (2) mistake of fact; and, (3) duress." It is our opinion that the same rules and authorities discussed in said Opinion are applicable to the refund of fees. Therefore, the Legislature has the power to make an appropriation to pay refunds of monies paid to the State by reason of (1) fraud; (2) mistake of fact; and, (3) duress.

Therefore, it is our opinion that you would be authorized to issue warrants to pay those claims which are made for monies paid because of (1) fraud; (2) mistake of fact; and, (3) duress. You would not be authorized to issue warrants to pay those claims not coming within the foregoing rule.

It is not disclosed on the face of the claims submitted whether the payments represented thereby come within the meaning of (1) fraud, (2) mistake of fact, or (3) duress as said terms have been construed by the authorities cited in our Opinion No. 0-6282.

Whether or not a claim for a refund is one for money wrongfully paid because of (1) fraud; (2) mistake of fact; and/or (3) duress must be determined by the facts and circumstances in each individual case. This must be determined as to the time payment was made.

We trust that we have satisfactorily answered your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By      *J. C. Davis, Jr.*
        J. C. Davis, Jr.

By      
        John Reeves

JR/JCP
Enclosure-1